**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>   Plaintiff,<br><br>   v.<br><br>RAINELLE SMITH,<br><br>   Defendant. | No.  2:22-CV-0062-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions for the appointment of counsel, ECF Nos. 17, 21.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff states that he attempted suicide while being incarcerated.  See ECF No. 17, Ex. A, pg.1.  He alleges that, while he informed the staff psychologist about his intent to hang himself, no preventative steps were taken.  See id.  As underlying cause for his suicidality, Plaintiff provides his experienced "physical and mental distress due to the high risk of infection from COVID-19 […] due to overcrowding and congregated living areas."  See id.  Plaintiff contends that the appointment of counsel is warranted in his case because (1) he is incarcerated and in psychiatric care; (2) he lacks the adequate legal knowledge to articulate his claims in the event of trial, and (3) he would be disadvantaged throughout the discovery process and at trial due to a lack of experience and access.  See ECF No. 17, pg.2.

However, Plaintiff's stated circumstances such as the lack of knowledge and difficulties to access legal research are common to almost all prisoners and, as such, not extraordinary.  Furthermore, at this stage of the proceedings before discovery, it cannot be said that Plaintiff has established a particular likelihood of success on the merits.  Moreover, a review of Plaintiff's filings indicates his ability to articulate his claims, which are neither factually nor legally complex.  Further, to the extent of Plaintiff's suicidality and respective treatment schedule interfere with his ability to meet deadlines, the Court may accommodate reasonable time extensions for good cause shown.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel, ECF Nos. 17, 21, are denied.

Dated: June 6, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE