WILLIE LEE BROOKS, II, #: P16665
Name and Prisoner/Booking Number

CALIFORNIA HEALTH CARE FACILITY
Place of Confinement

P.O. BOX 213040
Mailing Address

STOCKTON, CA 95213
City, State, Zip Code

FILED

OCT -3 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE LEE BROOKS, II
(Full Name of Plaintiff)
Plaintiff,

v.

(1) RAINELLE SMITH
(Full Name of Defendant)
(2) JOHN DOE #1
(3) JOHN DOE #2
(4) _____
Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-CV-00062-DMC-P
(To be supplied by the Clerk)

**JURY TRIAL DEMANDED**
CIVIL RIGHTS COMPLAINT
BY A PRISONER
L.R. 201 (Fed. R. Civ. P. 38)

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

Administrative Remedies Have NOT Been Exhausted For John Doe #1 and John Doe #2

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983 — Fed. R. Civ. P. Rule 15(a)
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Mule Creek State Prison

Revised 3/15/2016

1

## B. DEFENDANTS

1. Name of first Defendant: **RAINELLE SMITH**. The first Defendant is employed as: **Psychologist** (Position and Title) at **Mule Creek State Prison** (Institution).

2. Name of second Defendant: **JOHN DOE #1**. The second Defendant is employed as: **Lieutenant** (Position and Title) at **Mule Creek State Prison** (Institution).

3. Name of third Defendant: **JOHN DOE #2**. The third Defendant is employed as: **Senior Register Nurse** (Position and Title) at **Mule Creek State Prison** (Institution).

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ (Position and Title) at _____ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? **1**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **WILLIE LEE BROOKS II** v. **PATRICK COVELLO, et al**
      2. Court and case number: **2:20-cv-1573-WBS-DMC-P**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Dismissed.**

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: **Eighth Amendment - Deliberate Indifference**.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On Saturday, June 19, 2021, RAINELLE SMITH, Psychologist at Mule Creek State Prison (MCSP), after a Crisis Intervention Team (CIT). And me telling her "I'm going to hang myself" more than four times. She said "I'm sending you back." I replied "did you hear what I said, I'm going to hang myself, if you you send me back." Dr. SMITH, said "ya-well it's documented, he's good to go back." (To my housing unit.)

   On Wednesday, June 23, 2021, four days latter, I was back in a safety cage, before another CIT. This time the Psychologist was LISA RICHARDS, Post-Doc. Intan. Who referred me to a higher level of care in the crisis-bed on a suicide-watch, at California Medical Facility, (Vacaville).

   On Thursday, July 08, 2021, I returned to MCSP, with no Mental Health followup, to my housing unit, Facility-D-A, section, Cell 203-3Low.

   (SEE ATTACHED-CONTINUE-3-A).

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Hung myself, on 7-16-2021, caused neck and back injuries. By Defendant refusing on 7-15-21, to place Plaintiff on suicide watch.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

1  On Thursday, July 15, 2021, I was back again in the
2  crisis cage and Dr. RAINELLE SMITH, Psychologist, who had refused
3  to put me in the crisis-bed on Saturday, June 19, 2021. Was
4  again part of the CIT. And under four-minutes she said
5  "he's good to go back." I replied "did you hear what I
6  said, if you send me back I'm going to hang myself."
7  Dr. SMITH, responded "ya-ya-ya, we heard that before, well
8  if you do, its well documented. Send him back, he's
9  low risk." As Dr. SMITH, walked out, she laughed and
10 high-fived one of the Custody-Staff as she walked
11 out the door. Defendant acted under color of state law.
12
13   At 21:46, hours D-Program Office, after Dr. SMITH,
14 refused to put me in the crisis-bed. The Lieutenant,
15 stated to his officers. "Leave him in there (the safety
16 cage), then when Yard and Dayroom is over. Take him
17 back handcuffed, then send him up to his cell and
18 make sure he locks the door behind him. Then he'll
19 be someone elses problem on 2nd/Watch tomorrow."
20 And that's what was done with me on July 15, 2021.
21
22   On Friday, July 16, 2021, at 9:04 a.m. first thing the
23 next morning. I hung myself from the upper rail of
24 the second tire, using a prison sheet. After 31, seconds
25 I was cut-down, and sent out Code-II, to Sutter
26 Hospital, Emergency Room-Trauma Center. I was in
27 the hospital four days. Then returned to MCSP, with NO
28 Mental Health followup.

3-A

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **Eighth Amendments Deliberate Indifference with Cruel and Unusual Punishment.**

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   John Doe #1, Lieutenant, Custody member of the Crisis Intervention Team (CIT), on Thursday, July 15, 2021, at Facility D-Program Office, at approximately 2146 hours. John Doe #1, agreed with Dr. Smith, that Plaintiff did not represent any risk of suicide or self harm. And he agreed I should return to the housing unit, Building #18- Cell #203. Defendant John Doe #1, acted under color of State Law.

   John Doe #1, Lieutenant, as a California Department of Corrections And Rehabilitation (CDCR) Custody Staff member, is required to and has extensive training in suicide prevention. Each CIT member endorsed the suicide prevention and self harm mental health treatment plan for Plaintiffs safety.

   After Dr. Smith refused along with the CIT to put me in the Mental Health Crisis Bed around the clock safety observation. John Doe #1, stated to his officer, "leave him (Plaintiff) in there (the safety cage) then when Yard and Dayroom is over. Take him back handcuffed. then send him up to his cell and make sure he locks the door behind him. Then he'll be someone elses".

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   By refusing on 7-15-21, to place Plaintiff on suicide watch. On 7-16-21, Plaintiff hung himself, his neck and back. Was injured.

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Grievance pending at the Institutional level.

4

problem on 2nd-Watch tomorrow." The officer followed the Lieutenant, John Doe#1, ordereds.

Responsibility of Employees: "Every employee, regardless of his or her assignment, is responsible for the safe custody of the inmates confined in the institutions of the department." This includes safety from self-harm.

On Friday, July 16, 2021, at approximately 0904 hours, Building #18, Facility-D, A-section. Plaintiff hung himself from the second tier upper guard rail, using a prison sheet, and was cut-down by Building #18, Custody staff. Then was taken by Ambulance to Sutter Amador Hospital-Code-2, Emergency Room. Where I received morphine for serious pain in my neck and back.

Dr. Doman noted in the Self Harm report, that this was a "suicide attempt", it was rated at "1" with minor and superficial injuries." But Plaintiff had serious nerve damage in his neck and back, on the CT and MRI, scans.

John Doe#1, as part of the CIT, authorized and assisted Defendant R. SMITH's, wrongful acts, by failing to comply with CDCR-15.CCR.Sections 3270, General Policy, 3271 Responsibility of Employees, and Chapter 10, Suicide Prevention and Response, Mental Health Services Delivery System.

By assisting Dr. SMITH, who did not provide adequate Mental Health medical treatment, and

— 4.A —

safety from self-harm. Defendant John Doe #1, knowingly sent Plaintiff, back into a dangerous situation of suicide and self-harm.

John Doe #1, actions on July 15, 2021, acknowledging Plaintiff's, imminent danger of suicide by ordering his Officers leave Plaintiff, in the safety cage until Yard, Dayroom, and all inmates out of the cell activities were over for that day.

Then said "return him to his housing unit handcuffed and remove them, then send him up to his cell and make sure he locks the door behind him. Then he'll be someone elses problem on 2nd/Watch tomorrow." By doing so John Doe #1, acknowledged that Plaintiff was in grave danger (threatening great self-harm and danger of suicide) at that time. And did nothing to prevent it or took any appropriate precautions or procedures for suicide watch, due to self-injurious behaviors and suicidal ideations.

John Doe #1, knew and believed at that time Plaintiff, would indeed hang himself that night. His inactions to place Plaintiff on suicide watch, as required of him under State Law, actually contributed in causing Plaintiffs, suicide attempt.

CDCR, rules require that staff who work with people in prison be trained to recognize the signs of suicide risk, which John Doe #1, did recognize, by his own actions. And had a duty upon R. SMITH'S, failure to put Plaintiff, on suicide watch as required by, 15 CCR § 3365.

As an approximate and foreseeable result, John Doe #1, was as a member of the of the CIT, was required then to notify a licensed Physician, to order placement of Plaintiff, on suicide precaution in the Mental Health Crisis Bed on suicide watch as required by CDCR Suicide Prevention Policy and State Law.

— 4.B —

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment Deliberate Indifference with Cruel and Unusual Punishment.</u>

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   John Doe #2, a Senior Registered Nurse, on Thursday, July 15, 2021, at approximately 2146 hours, Facility-D-Program Office, as the Nursing member of the CIT, John Doe #2, agreed with Dr. Smith's evaluation of Low Risk of suicide and self harm for Plaintiff. Stating "I agree, he should be seen by Psychiatry on the yard." John Doe #2, documented as part of the CIT, that Plaintiff, was not in any danger of self harm. As a CDCR, Senior Registered Nurse (SRN) John Doe #2, has special training as a Nursing Senior and CIT, member, in prisoners' suicide prevention. John Doe #2, acted under color of State law, when he agreed to send Plaintiff, back to the housing unit and not to the Mental Health Crisis Bed, for 24 hours a day safety observation as required by CDCR's, suicide prevention policy and procedures. On Friday, July 16, 2021, at approximately 0904 hours, Plaintiff hung himself from the second tier upper guard rail using a prison sheet. Was cut-down and taken Code 2, by Ambulance to Sutter Amador Hospital.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   By failing as a CIT member and a Senior Nurse, to put Plaintiff on suicide watch. The next morning Plaintiff tried to kill himself my hanging. John Doe #2, is a Register Nurse.

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>Now pending at the Institutional level.</u>

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:
Declaratory, Compensatory and Punitive damages in an amount to be determined at trial.

Defendants are sued in their individual capacities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Sep. 22, 2022
DATE

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

The following is a sample Proof of Service. Pursuant to Rule 5 of the F. R. Civ. P. and Local Rule 135, each document filed after the court orders service in your case shall be served on opposing counsel and a proof of service attached to your document filed with the court.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

WILLIE LEE BROOKS, II
_____
Plaintiff or Petitioner

v.

R. SMITH
_____
Defendant or Respondent

Case Number: 2:22-CV-00062-DMC-P

PROOF OF SERVICE

I hereby certify that on **Sep. 22, 2022**, I served a copy of the attached **First Amended Complaint**

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said enevelope in the United States Mail at _____:

(List Name and Address of Each Defendant or Attorney Served)

U.S. Eastern District Court
501 I ST., STE 4-200
Sacramento, CA 95814-2322

Attorney General Office
Ryan Zalesny
300 South Spring Steet,
Suite 1702
Los Angeles, CA 90013-1230

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Name of Person Completing Service)
Willia Lee Brooks, II