IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II, | No. 2:22-CV-0062-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| RAINELLE SMITH, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of counsel, ECF Nos. 34.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff contends that the appointment of counsel is warranted because (1) the presence of medical and mental healthcare or other issues will likely require a medical expert witness to present evidence on the denial of medical care, (2) the law is complex and is governed by special rules of civil procedure and local court rules, and (3) the task of learning and following all the laws and rules and investigating the facts and gathering evidence for trial can be "difficult for anyone without legal training."  Id.

Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witnesses are common to almost all prisoners and, as such, not extraordinary.  A review of the filings to date indicates that Plaintiff can articulate his claims on his own, which are neither factually nor legally complex, inasmuch as he independently prepared and filed a civil rights complaint and has made numerous motions to this Court.  Furthermore, at this stage of the proceedings before discovery, it cannot be said that Plaintiff has established a particular likelihood of success on the merits.  As such, exceptional circumstances warranting the appointment of counsel do not currently exist.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel, ECF No. 34, is denied.

Dated:  December 12, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE