IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II, | No. 2:22-CV-0062-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| RAINELLE SMITH, | |
| Defendant. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 47, for the appointment of counsel.[1]

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

---

[1] Plaintiff last moved for the appointment of counsel on September 29, 2022. See ECF No. 34. That motion was dnied on December 12, 2022. See ECF No. 44.

complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff's stated circumstances such as the lack of knowledge and difficulties to access legal research are common to almost all prisoners and, as such, not extraordinary.  Furthermore, at his stage of the proceedings before discovery, it cannot be said that Plaintiff has established a particular likelihood of success on the merits.  Moreover, a review of Plaintiff's docket indicates his ability to articulate his claims, which are neither factually nor legally complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 45, is denied.

Dated:  December 21, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE