IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II, | No. 2:22-CV-0062-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| R. SMITH, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 65.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends that the appointment of counsel is warranted due to "Plaintiff's inability as an inmate to perform adequate discovery." ECF No. 65, pg. 1. Plaintiff further contends the appointment of counsel is warranted because under Title 15 of the California Code of Regulations section 3450, Plaintiff's status as an inmate restricts his ability to obtain documents that are necessary to his claim, which Defendant states in her response to Plaintiff's request for interrogatories and documents. ECF No. 65, pgs. 1-2. Plaintiff states that if provided counsel, "Plaintiff's counsel can get many of these documents." ECF No. 65, pg. 2.

The circumstances Plaintiff describes are not exceptional but are common among inmates who bring a lawsuit in federal court. The docket reflects that, to date, Plaintiff has been able to articulate their claims and arguments. Moreover, the issues presented in this case are not so complex legally or factually as to require counsel. Finally, at this stage of proceedings, the Court cannot say that Plaintiff has shown a likelihood of success on the merits. For these reasons, Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 65, is denied.

Dated: July 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE