IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II, | No. 2:22-CV-0062-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| RAINELLE SMITH, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for leave to file a first amended complaint. See ECF Nos. 69 and 74. Defendant opposes both motions. See ECF Nos. 71 and 80. Plaintiff filed a reply brief in support of his first motion. See ECF No. 81. Filed with Plaintiff's second motion and without prior leave of court is a first amended complaint. See ECF No. 72.

Where, as here, leave of court to amend is required and sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See

Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

This case currently proceeds on Plaintiff's original complaint as against a sole defendant – Rainelle Smith – on Plaintiff's claim of deliberate indifference to Plaintiff's suicidal ideation. See ECF No. 1. The complaint was filed on January 10, 2022. See id. The pending motions for leave to amend were first filed in August 2023. See e.g. ECF No. 69. Without prior approval, Plaintiff filed his first amended complaint on September 20, 2023. See ECF No. 72.

Plaintiff seeks leave to add two new defendants to his deliberate indifference claim, as well as two new theories of liability against all defendants based on discrimination. See ECF No. 72. The new defendants are identified as Lieutenant Cooper and Senior Registered Nurse Davila. See id. at 1, 2. As with the operative original complaints, the facts alleged in the first amended complaint relate to events occurring at Mule Creek State Prison in June and July 2021. Compare ECF Nos. 1, 72.

Having considered Plaintiff's original complaint, the improperly filed first amended complaint, Plaintiff's motions for leave to amend, as well as Defendant's oppositions thereto, the Court finds that leave to amend should not be granted. First and foremost, the Court finds that Plaintiff has made no showing as to how the balance of the factors outlined above favors amendment at this time. Notably, Plaintiff's motions are devoid of any explanation or analysis. Rather, the Court must rely on the improperly filed first amended complaint and the record as a whole.

A review of the docket reflects that Plaintiff previously filed a first amended complaint, purportedly as-of-right, on October 3, 2022. See ECF No. 36. This pleading contained the same factual allegations as are now asserted against Cooper and Davila, except these individuals were identified as "Doe" defendants. Compare ECF Nos. 36, 72. Ultimately, Plaintiff withdrew the October 3, 2022, pleading, citing "exhaustion requirements." ECF No. 50. The October 3, 2022, pleading was stricken pursuant to Plaintiff's withdrawal. See ECF No. 51.

///

The improperly filed first amended complaint now before the Court is identical to the October 3, 2022, pleading, save for the substitution of Cooper and Davila for previously named "Doe" defendants and the addition of two new theories of liability based on discrimination. Plaintiff's pending motions for leave to amend do not explain why he withdrew the October 3, 2022, pleading and waited almost an entire year to seek leave to re-file it – long after the case had been scheduled and closing on the close of discovery. It is clear the underlying facts were known to Plaintiff in October 2022, and Plaintiff could have amended at that time. He chose not to and has not accounted for his changed stance.

Additionally, given that Defendant has answered, and discovery has now closed, the Court finds that Defendant would be prejudiced by allowing amendment, particularly given the procedural history outlined above.

Allowing amendment at this late stage of the proceedings would also thwart a speedy resolution of this case on the merits of Plaintiff's claim against Defendant Smith.

Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint). The Court will do so here and reiterate that this case continues to proceed on the original complaint.

Finally, pending resolution of a pending discovery motion, which will be addressed by separate order, the Court will sua sponte vacate the deadline for filing dispositive motions. Unless otherwise ordered as part of the resolution of the pending discovery motion, discovery in this case remains closed as of November 20, 2023. See ECF No. 59 (discovery and scheduling order).

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for leave to amend, ECF Nos. 69 and 74, are DENIED.

2. The first amended complaint filed on September 20, 2023, ECF No. 72 (docketed as Second Amended Complaint), is STRICKEN.

3. The Court sua sponte VACATES the dispositive motion filing deadline pending further order.

Dated: January 23, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE