IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II, | No. 2:22-CV-0062-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| RAINELLE SMITH, | |
| Defendant. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's renewed motions for the appointment of counsel. See ECF Nos. 85 and 86.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff contends that appointment of counsel is warranted because he is untrained in the law, because is experiencing difficulty obtaining discovery from Defendant, and because the issues involved in this case are complex.  The Court does not agree.  First, a review of the docket and various motions filed by Plaintiff indicates that he is capable of articulating himself on his own.  Second, contrary to Plaintiff's assertion, the Court does not find the issues in this case, which involves a claim of deliberate indifference to Plaintiff's suicidal ideation, are not complex factually or legally.  Finally, Plaintiff's lack of legal training is not unique and does not constitute an exceptional circumstance.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed requests for the appointment of counsel, ECF Nos. 85 and 86, are DENIED.

Dated:  January 23, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE