**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

WILLIE LEE BROOKS, II,

          Plaintiff,

    v.

RAINELLE SMITH,

          Defendant.

No.  2:22-CV-0062-DMC-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motion to compel, see ECF No. 73, and several related motions, see ECF Nos. 82, 83, and 89.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

1

## I. BACKGROUND

2       The Court issued a discovery order for this case on March 17, 2023, directing that

3  discovery be completed by November 20, 2023.  See ECF No. 59.  The dispositive motion filing

4  deadline has been vacated pending resolution of the motions now before the Court.  See ECF No.

5  96.

6       Plaintiff filed the pending motion to compel on September 20, 2023.  See ECF No.

7  73.  Plaintiff seeks an order directing Defendant to produce video footage.  See id.  Defendant

8  filed an opposition on October 24, 2023.  See ECF No. 78.  In support of her opposition,

9  Defendant filed a notice of lodging of the video footage at issue which has already been

10 produced.  See ECF No. 79.

11      These filings prompted a number of additional motions.  Specifically, on

12 November 16, 2023, Plaintiff filed a motion to strike the declarations of K. Stanley and D. Santos

13 filed in support Defendant's opposition to Plaintiff's motion to compel.  See ECF No. 82.

14 Concurrent with this motion, Plaintiff also filed a motion to "quash" Defendant's notice of

15 lodging of the video footage.  See ECF No. 83.  On November 30, 2023, Defendant filed an

16 opposition to Plaintiff's motions.  See ECF No. 88.  Also on November 30, 2023, Defendant filed

17 a motion for an extension of time to file a substantive opposition to Plaintiff's motion to "quash."

18 See ECF No. 89.

19

20

## II. DISCUSSION

21      As outlined above, the following motions are before the Court in addition to

22 Plaintiff's underlying motion to compel relating to video footage: (1) Plaintiff's motion to strike

23 declarations offered in opposition to Plaintiff's motion to compel, ECF No. 82; (2) Plaintiff's

24 motion to "quash," ECF No. 83; and (3) Defendant's motion for an extension of time to file a

25 substantive opposition to Plaintiff's motion to "quash," ECF No. 89.  The Court will first address

26 these related motions and then address Plaintiff's underlying motion to compel.

27 / / /

28 / / /

1    **A.      Related Motions**

2              1.      Plaintiff's Motion to Strike Declarations

3              Plaintiff seeks an order striking the declarations of K. Stanley and D. Santos filed

4    in support Defendant's opposition to Plaintiff's motion to compel.  See ECF No. 82.  According

5    to Plaintiff, neither declarant possesses personal knowledge of the matters stated in their

6    declarations.  See id.  K. Stanley, who is a Correctional Officer with the Investigative Services

7    Unit at Mule Creek State Prison, states that the officer has reviewed Exhibit A attached to the

8    declaration and authenticates the exhibit as a true and correct business record relating to available

9    video records from July 16, 2021, the date of the incident at issue in this case.  See ECF No. 78-1.

10   D. Santos is the Litigation Coordinator at Mule Creek State Prison, who instructed K. Santos to

11   review available video records from July 16, 2021, and to send those videos to defense counsel.

12   See ECF No. 78-2.

13             Under Federal Rule of Civil Procedure 12(f), the Court may strike a filing which is

14   "redundant, immaterial, impertinent, or scandalous."  Here, there is nothing redundant,

15   immaterial, impertinent, or scandalous in either declaration.  Plaintiff's motion to strike will be

16   denied.

17             2.      Plaintiff's Motion to "Quash"

18             In his motion, entitled "Motion to Quash," Plaintiff seeks a pre-trial evidentiary

19   order excluding the seven items of video footage lodged by Defendant in support of her

20   opposition to Plaintiff's motion to compel.  See ECF No. 83.  In her opposition, Defendant agues

21   that Plaintiff's motion is a premature motion in limine, which should be denied.  See ECF No. 88.

22             The Court agrees.  A motion in limine is properly denied as premature when, as

23   here, it is brought before a dispositive motion filing deadline or when a motion for summary

24   judgment is still pending and the Court has not yet issued a trial scheduling order.  See Branch v.

25   Umphenour, 2015 WL 9273272, at *3 (E.D. Cal. 2015); Carroll v. Yates, 2012 U.S. Dist. LEXIS

26   71298, at **1-2 (E.D. Cal. 2012).  In this district, issues appropriate for a motion in limine should

27   be addressed in the pretrial statement.  See E. Dist. Cal. Local Rule 281(b)(5); see also Rials v.

28   Lozano, 2023 WL 4686613, at *4 (E.D. Cal. 2023), report and recommendation adopted, 2023

WL 6130192 (E.D. Cal. 2023). Here, because Plaintiff's motion seeks a pre-trial evidentiary ruling, because no motion for summary judgment is pending, and because the Court has not yet issued a trial-setting order, Plaintiff's motion to "quash" video footage exhibits will be denied without prejudice as a premature motion in limine. Plaintiff may re-file his motion at a later appropriate stage of the litigation following resolution of any dispositive motions.

3.     Defendant's Motion for an Extension of Time

Defendant seeks an extension of time to file a substantive opposition to Plaintiff's motion to "quash" should the motion not be deemed by the Court as a premature motion in limine. See ECF No. 89. As discussed above, the Court agrees with Defendant that Plaintiff's motion to "quash" is indeed a premature motion in limine, which will be denied without prejudice to renewal at a later appropriate stage of the litigation. Defendant's motion for an extension of time will, therefore, be denied as unnecessary.

**B.     Underlying Motion to Compel**

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

4

1    discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

2    Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

3    Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

4              Under Rule 37, the party moving to compel bears the burden of informing the

5    court (1) which discovery requests are the subject of the motion to compel, (2) which of the

6    responses are disputed, (3) why the party believes the response is deficient, (4) why any

7    objections are not justified, and (5) why the information sought through discovery is relevant to

8    the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist.

9    LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-

10   5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27,

11   2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See

12   Fed. R. Civ. P. 37(a)(1).

13             Plaintiff seeks an order compelling first-floor camera video footage of the

14   Dayroom at Mule Creek State Prison on July 16, 2021, between 0904 and 0935 hours.[1]  See ECF

15   No, 73.  Plaintiff states that this footage shows Plaintiff attempting to hang himself.  Plaintiff has

16   not attached to his motion the discovery request(s) at issue or Defendant's response thereto.

17   Defendant argues that she has produced all the video footage of the subject location on the date

18   and times requested and that Plaintiff seeks video footage which does not exist showing an

19   unobstructed view of the incident.  See ECF No. 78.  Defendant has informed Plaintiff as much

20   by way of her response to Plaintiff's discovery request.  Defendant concludes that Plaintiff's

21   motion should be denied because she cannot be ordered to produce that which does not exist.

22             With her opposition, Defendant has provided the Court with the discovery requests

23   served by Plaintiff and Defendant's responses thereto.  See ECF No. 78-3, Exhibits 1 and 2

24   (declaration of defense counsel).  In dispute appears to be Defendant's response to Plaintiff's

25   request for production no. 4, which asks that Defendant produce the following: "Any and all

26   photographs and/or videos taken by CDCR Staff in relation to and/or as a result of plaintiff

27   _____
     [1]        In his motion, Plaintiff refences the date "July 16, 2023" as the date of the video footage at issue.
28   See ECF No. 73, pg. 2.  This, however, appears to be an error.  The operative complaint reflects that incident which
     is the subject of the lawsuit occurred on July 16, 2021.  See ECF No. 1, pg. 4.

1 Hanging and Cut-Down and taken to Mule Creek Medical Clinic on or about July 16, 2021." Id.

2 at 24.  Defendant interposed a number of objections and, notwithstanding such objections,

3 provide the following substantive response:

> Subject to and without waiving these objections, and interpreting and limiting the Request for Production to (a) videos depicting Plaintiff from the time of the INCIDENT until Plaintiff was taken to an outside hospital on the day of the INCIDENT and (b) photographs depicting the INCIDENT or location of the INCIDENT, Defendant produces seven videos depicting MCSP's Building 18 'A' Section Dayroom on July 16, 2021 from 9:11 a.m. until 9:21 a.m. **(AGO 000154-000160)** and two photographs included in the Incident Report Package, Incident Log No. 25134 **(AGO 000146-000150)**. Following a diligent search and reasonable inquiry, Defendant is unable to identify any additional responsive documents currently available to her at this time. Defendant will supplement this response with any responsive, non-privileged documents that subsequently become available to her or a privilege log, if necessary.
>
> Due to technical limitations and security requirements related to Plaintiff's incarceration in a state prison, Defendant is unable to send AGO 000154-000160 directly to Plaintiff via compact disc, electronic mail, electronic file exchange, or other means. Accordingly, Defendant's counsel has scheduled, or will schedule as soon as practicable, a videoconference with Plaintiff so that Plaintiff may view AGO 000154-000160 via a screen-sharing feature in the videoconference platform.
>
> ECF No. 78-3, pgs. 25-26.

16 Based on Defendant's response, as well as declarations offered in opposition to

17 Plaintiff's motion to compel, Plaintiff has been provided with all the available video footage.

18 Plaintiff does not presently argue that arrangements were not made to allow viewing of the video

19 footage provided.  And there is no evidence indicating that video footage exists which Defendant

20 did not provide.  To the extent video footage is later offered in this case but which was not

21 produced in response to Plaintiff's discovery request, such evidence may be subject to an order of

22 exclusion.  Currently, however, there is no basis for ordering Defendant to produce that which she

23 says does not exist.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1

## III.  CONCLUSION

2          Accordingly, IT IS HEREBY ORDERED as follows:

3          1.     Plaintiff's motion to strike, ECF No. 82, is DENIED.

4          2.     Plaintiff's motion to "quash," ECF No. 83, is construed as a premature

5    motion in limine and, so construed, is DENIED without prejudice to renewal following resolution

6    of any dispositive motions.

7          3.     Defendant's motion for an extension of time, ECF No. 89, is DENIED as

8    unnecessary.

9          4.     Plaintiff's motion to compel, ECF No. 73, is DENIED.

10         5.     Discovery in this case is closed.

11         6.     Dispositive motions are due within 60 days of the date of this order.

12

13   Dated:  June 12, 2024

14                                          _____
                                            DENNIS M. COTA
15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28