1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    WILLIE LEE BROOKS, II,                        No.  2:22-CV-0062-TLN-DMC-P

12                    Plaintiff,

13          v.                                       <u>ORDER</u>

14    RAINELLE SMITH,

15                    Defendant.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court are the following motions filed by Plaintiff: (1)

19    renewed motions for the appointment of counsel, <u>see</u> ECF Nos. 118 and 128; (2) motion for the

20    appointment of a neutral expert witness, <u>see</u> ECF No. 119; (3) motion for a further extension of

21    time to file an opposition to Defendant's motion for summary judgment, <u>see</u> ECF No. 124; and

22    (4) motion to stay proceedings for 180 days, <u>see</u> ECF No. 130.  Also before the Court is

23    Plaintiff's motion for injunctive relief, <u>see</u> ECF No. 129, which is addressed by findings and

24    recommendations issued herewith.

25          Turning first to Plaintiff's renewed motions for the appointment of counsel, the

26    United States Supreme Court has ruled that district courts lack authority to require counsel to

27    represent indigent prisoners in § 1983 cases.  <u>See</u> <u>Mallard v. United States Dist. Court</u>, 490 U.S.

28    296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

1

1    assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015,

2    1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding

3    of "exceptional circumstances" requires an evaluation of both the likelihood of success on the

4    merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity

5    of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive, and both

6    must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit

7    concluded the district court did not abuse its discretion with respect to appointment of counsel

8    because:

9         . . . Terrell demonstrated sufficient writing ability and legal knowledge to
          articulate his claim.  The facts he alleged and the issues he raised were not
10        of substantial complexity.  The compelling evidence against Terrell made it
          extremely unlikely that he would succeed on the merits.
11

12        Id. at 1017.

13        Plaintiff argues appointment of counsel is warranted because: (1) the Court has

14   determined that Plaintiff states cognizable claims; (2) Plaintiff is indigent; and (3) Plaintiff is at a

15   prejudicial disadvantage in the litigation because he is proceeding pro se against Defendant who

16   is represented by an attorney.  See ECF No. 118.  Plaintiff also argues that the Court should

17   appoint counsel because he recently sustained a back injury on May 4, 2025, which will require

18   "many months" of intense physical therapy following surgery.  See ECF No. 128.

19        Attached to Plaintiff's motion at ECF No. 128 is a progress note prepared by

20   Plaintiff's surgeon Paul Hong, M.D., following a post-surgical follow-up appointment on June

21   11, 2025.  See id. at 5.  In this report, Dr. Hong notes that Plaintiff underwent an L2-L5

22   decompression and fusion procedure approximately 4 weeks prior.  See id.  Plaintiff reported that

23   he had been making progress and working diligently to walk again.  See id.  Plaintiff reported to

24   the appointment using a walker.  See id.

25        In the present case, the Court does not at this time find the required exceptional

26   circumstances.  The Court last addressed Plaintiff's request for the appointment of counsel in

27   January 2024 and denied Plaintiff's renewed motions.  See ECF No. 98.  Plaintiff has not alleged

28   any new circumstances since that time other than his recent back surgery.  As to the back surgery,

1  the June 2025 progress note attached to Plaintiff's most recent motion for the appointment of

2  counsel indicates that Plaintiff is making good progress at recovery.  More specifically, nothing in

3  the progress note suggests that Plaintiff will be unable to continue to prosecute this action.  In this

4  regard, the Court notes that, despite his states inability to pursue this litigation on his own

5  following back surgery in May 2025, Plaintiff has nonetheless been able to prepare the currently

6  pending motion for the appointment of counsel as well as a motion to compel prison officials to

7  return his property and a motion to stay proceedings.  See ECF Nos. 128, 129, and 130.  To

8  accommodate any continuing difficulties Plaintiff may be experiencing in preparing his legal

9  paperwork following his May 2025 back surgery, the Court will provide Plaintiff additional time

10  to file an opposition to Defendant's pending motion for summary judgment.

11          Next, the Court addresses Plaintiff's motion for appointment of a neutral medical

12  expert.  Plaintiff seeks an order appointing a neutral expert on mental health and suicide

13  prevention.  See ECF No. 119.  In support of his motion, Plaintiff cites Federal Rule of Evidence

14  706 and argues that appointment of a medical expert is necessary to address his claims of medical

15  misdiagnosis resulting from deliberate indifference.  See id.  Defendant opposes, arguing that

16  appointment of a medical expert under Rule 706 is not warranted where such expert will be asked

17  to advocate for one side or the other.  See ECF No. 122.  Defendant contends that a medical

18  expert can only be appointed under Rule 706 to assist the Court, not to collect and interpret

19  evidence to assist a party.  See id.

20          Defendants also argue that appointment of a neutral medical expert under Rule 706

21  for the purpose of advising the Court is also not warranted.  See id. at 3-7 (citing Gorton v. Todd,

22  793 F. Supp. 2d 1171 (E.D. Cal. 2011).  Under Gorton, four factors are relevant in determining

23  whether appointment of an expert under Rule 706 is warranted.  See Gorton, 793 F. Supp. At

24  1185.  These factors are: (1) whether expert testimony is necessary or significantly useful for the

25  trier of fact to comprehend a material issue in a case; (2) whether the moving party has produced

26  some evidence, admissible or otherwise, that demonstrates a serious dispute that could be

27  resolved or understood through expert testimony; (3) whether a party's circumstances or

28  conditions limit the effectiveness of the adversary process to result in accurate factfinding; and

1  (4) whether the basis of the plaintiff's claims entitle him to special consideration by the courts.

2  See id.

3        The Court agrees with Defendant that these factors weigh against appointment of

4  an expert witness under Rule 706.  This case involves a single claim of deliberate indifference to

5  Plaintiff's serious mental health condition.  Whether Defendant was subjectively aware of

6  Plaintiff's medical condition and whether Defendant objectively disregarded a substantial risk of

7  harm are not questions that a factfinder would require a medical expert to answer.  See Rapalo v.

8  Lopez, 2017 WL 1199669, at *2 (E.D. Cal. 2017).  Further, a review of Defendant's pending

9  motion for summary judgment indicates that the evidence at issue in this case is not complex or

10  contradicted such that the trier of fact cannot understand a material issue absent an expert witness.

11  Notably, Plaintiff has not presented with his motion evidence demonstrating a serious dispute

12  which can only be resolve with expert testimony.  While the Court finds that Plaintiff's pro se

13  status and incarceration limit the effectiveness of the adversarial process, Plaintiff has

14  demonstrated an adequate ability to represent himself.  Thus, the third factor only somewhat

15  favors appointment of an expert witness.  The fourth factor, however, weighs against appointment

16  of an expert because there is nothing significant about Plaintiff's claim, which is a typical medical

17  deliberate indifference claim, that warrants special consideration.

18        Finally, the Court addresses Plaintiff's two motions related to briefing on

19  Defendant's pending motion for summary judgment.  In ECF No. 124, Plaintiff seeks an

20  extension of time to file an opposition brief.  See id.  Plaintiff requests additional time following

21  the Court's ruling on his motions for appointment of counsel and appointment of an expert to

22  prepare an opposition.  See id.  In ECF No. 130, Plaintiff seeks an order staying proceedings for

23  180 days to allow him to complete his recovery following back surgery.  See id.  Plaintiff also

24  states that a stay is appropriate because, after his surgery, he was transferred to the California

25  Health Care Facility (CHCF) for recovery and post-operative care, but that all his legal materials

26  are still at his prior institution, Mule Creek State Prison (MCSP).  See id.  As explained in the

27  accompanying findings and recommendations, the Court cannot order non-party prison officials –

28  at either CHCF or MCSP – to return Plaintiff's materials.  The Court is also not inclined to order

1   a sweeping 180-day stay of all proceedings given evidence indicating that Plaintiff's post-surgical

2   recovery is going well, and Plaintiff's condition is steadily improving.  Instead, the Court will

3   grant Plaintiff's motion for additional time to file an opposition to Defendant's motion for

4   summary judgment.

5                    Accordingly, IT IS HEREBY ORDERED as follows:

6          1.       Plaintiff's renewed requests for the appointment of counsel, ECF Nos. 118

7   and 128, are DENIED.

8          2.       Plaintiff's motion for appointment of a neutral medical expert, ECF No.

9   119, is DENIED.

10         3.       Plaintiff's motion for a stay of proceedings, ECF No. 130, is DENIED.

11         4.       Plaintiff's motion for an extension of time, ECF No. 124, is GRANTED.

12         5.       Plaintiff's opposition to Defendant's motion for summary judgment is due

13  within 30 days of the date of this order.

14

15  Dated:  August 13, 2025

16                                         _____
                                           DENNIS M. COTA
17                                         UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                        5