IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAINELLE SMITH,<br><br>　　　　　Defendant. | No. 2:22-CV-0062-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for injunctive relief. See ECF No. 129.

　　　　The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). When a mandatory injunction is sought – one that goes beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly supports injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." Id. (internal quotations

omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'" See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself. See id. This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

The Court cannot issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Finally, pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

1  requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18
2  U.S.C. § 3626(a)(2); see also Wonnacott v. Heehn, 2021 WL 970453 (D. Oregon 2021).

3  Plaintiff seeks an order requiring non-party prison officials to return his legal and
4  personal property. See ECF No. 129. According to Plaintiff, he was transferred from Mule
5  Creek State Prison (MCSP) to the California Health Care Facility (CHCF) following a back
6  injury and surgery in May 2025. See id. Plaintiff states that his property has never been received
7  from MCSP and that he requires access to his legal materials in order to prepare a response to
8  Defendant's pending motion for summary judgment. See id.

9  The Court finds that injunctive relief is not warranted in this case. First, Plaintiff
10 seeks relief directed to non-parties, which the Court cannot grant. Second, there is no nexus
11 between Plaintiff's assertion that his legal materials are being improperly withheld, and the
12 underlying medical deliberate indifference claim in this case against Defendant Smith. Third,
13 even if there was a connection, Plaintiff has not demonstrated a likelihood of success on the
14 merits of his underlying claim. Finally, Plaintiff will not experience irreparable injury absent
15 immediate access to his legal materials. In this regard, the Court has by separate order granted
16 Plaintiff's motion for an extension of time to respond to Defendant's motion for summary
17 judgment.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1          Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 129, be DENIED.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 14, 2025

                                                    DENNIS M. COTA
                                                    UNITED STATES MAGISTRATE JUDGE