WILLIE LEE BROOKS, II

CDCR#: P16665

P.O. BOX 213040

Stockton, CA 95213

**FILED**

OCT 08 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>Plaintiff,<br><br>v.<br><br>RAINELLE SMITH,<br><br>Defendant. | NO. 2:22-cv-0062-TLN-DMC-P<br><br>PLAINTIFF'S OBJECTION TO DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL |

Plaintiff a state prisoner proceeding pro se, and in Forma Pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Moves this Court for an Order DENYING, Defendant's Ex Parte Application For An Extension of Time To A Reply In Support of Defendant's Motion For

-1-

Summary Judgment.

In support of this Motion and Objection To Defendant's Ex Parte Application For An Extension Of Time. Plaintiff sets fourth the following facts:

Plaintiff is proceeding pro se, and in Forma Pauperis. Has very little formal education and [N]o higher education, or ability to formally litigate.

Defendant has all of the full resources of the Second largest Justice Department in the Nation at her disposal. And the full assistance of an Certified Law Student and Legal Intern at her beck and call.

Plaintiff is already at a severe disadvantage proceeding pro se, and because I do not have qualified legal representation in this action.

Plaintiff is also at an disadvantage by the very fact that I'm up against a Deputy Attorney General, who is a member of the California State Bar Association, and is a fully qualified Attorney with a Law Degree.

Plaintiff contends that with all the assistance of Paralegals also working in the Attorney Generals Office. There is no genuine reason why Defendant

needs more time.

Ex parte applications are "rarely justified." See, Mission Power Eng'g Co., v. Cont'l Cas Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. See, Id. at 492-93. In Horne v. Wells Fargo Bank, N.A., the district court discussed the legal standard for ex parte applications:

The "opportunities for legitimate ex parte applications are extremely limited." See, In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989); see also, Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an ex parte application must demonstrate that there is good cause to allow the moving party "to" go to the head of the line in front of all other litigants and

-3-

receive special treatment").

The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight, or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013). The Horne court also reiterated the dangers of ex parte applications.

[E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception.

Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system

out of whack.

They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel or pro se litigant who are required to make a hurried response under pressure, usually for no good reason.

They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant ahead of the pack, without cause or justification. Id. (citation omitted).

The Defendants' Counsel, in this action has made much use of and abuse of the Ex Parte Application process in this civil rights case, against a pro se, plaintiff.

The intervention, this Court must consider with its unduly delay will highly prejudice the rights of Plaintiff, again.

For the reasons set fourth herein, this Court should DENY Defendants' Ex Parte Application For An Extension Of Time.

Plaintiff has complied with all of

his Court required deadlines, as a pro se litigant, so too should the Defendants' Counsel. Who are very qualified Attorney's, with the California Attorney General's Office.

Dated: Oct. 2, 2025

Respectfull submitted,

Signed: Willie Lee Brooks, II

-6-