**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br>Plaintiff,<br>v.<br>RAINELLE SMITH,<br>Defendant. | No. 2:22-CV-0062-TLN-DMC-P<br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) Plaintiff's motion for the appointment of counsel, see ECF No. 143; and (2) Defendant's motion to strike, see ECF No. 140.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends that the appointment of counsel is warranted because he has a learning deficit and difficulty reading and writing. See ECF No. 143. The Court finds that this does not present an exceptional circumstance in this case. Despite his stated learning deficit, Plaintiff has consistently demonstrated throughout this litigation that he is capable of articulating his claims on his own. To the extent Plaintiff has required additional time to prepare documents for filing, the Court has, and will continue to, accommodate Plaintiff's needs with extension of time based on good cause. In declining to appoint counsel, the Court notes that Plaintiff was incarcerated at the time he filed his motion and has since been released from custody.

Turning to Defendant's motion to strike, Defendant seeks an order striking Plaintiff's January 12, 2026, filing as an unauthorized and improperly sur-reply brief. See ECF No. 140. While the Court agrees that the filing was not previously authorized by the Court, the filing appears to be Plaintiff's separate statement of disputed facts filed in opposition to Defendant's pending motion for summary judgment. See ECF No. 139. Given Plaintiff's pro se status, an to provide the parties with the fullest opportunity at briefing on the pending motion for summary judgment, the Court will authorize Plaintiff's January 12, 2026, filing and permit Defendant an opportunity to respond.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel, ECF No. 143, is denied.

2. Defendant's motion to strike, ECF No. 140, is denied and the Court authorizes Plaintiff's January 12, 2026, filing nunc pro tunc to that date.

3. Defendant may file a response to Plaintiff's January 12, 2026, filing within 30 days of the date of this order, after which time the Defendant's motion for summary judgment will stand submitted without further briefing.

Dated: August 24, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE